646 P.2d 1026

### The STATE of Idaho, Plaintiff-Respondent,

v.

### Kevin Earl BELL, Defendant-Appellant.

No. 14084.

Court of Appeals of Idaho.

June 15, 1982.

Brent T. Robinson, Rupert, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from an order revoking probation and committing the appellant to the custody of the state board of correction. The appellant raises three issues on appeal. First, he contends that he was denied his right to procedural due process when the court considered conduct not charged as a violation of his probation, in deciding that the probation should be revoked. Next, he asserts that he was denied his right to effective assistance of counsel at the probation revocation hearing. Finally, he contends that the decision by the trial court to revoke his probation was an abuse of discretion and unwarranted by the factual record. We affirm the order of the district court.

Upon his plea of guilty to the offense of first degree burglary, the appellant was sentenced by the district court to the custody of the state board of correction, for an indeterminate period not to exceed five years. Following a period of retained jurisdiction under I.C. § 19–2601, the court suspended the balance of the sentence and placed the appellant on probation for two years. While on probation, the appellant was brought before the court three times for alleged probation violations. Twice his probation was reinstated. On the second occasion he was warned by the district judge that any further violation could have serious consequences.

The third proceeding—from which he now appeals—was concerned, substantially, with a repetition of the same type of violations considered in the second hearing. It involved allegations that, in contravention of his probation agreement, the appellant changed his residence without notification to or permission from his probation supervisor; that he failed to make periodic reports to the probation office; and that he failed to make personal contacts with his probation supervisor as required by his probation agreement. The report of violation submitted by the probation officer to the district court, in addition to specifying the alleged violations, informed the court that the appellant was being held in the county jail on a charge of driving while under the influence of intoxicating beverage. The report also informed the court that another similar charge was pending in a neighboring county. Neither of these pending charges, however, was specified as a ground for revoking the appellant's probation.

When the appellant appeared in court on this probation violation, the court reviewed the allegations with the appellant, and also discussed the pending DWI charges in detail with him. The appellant admitted he was in violation of his probation. At the conclusion of the hearing the court so found. The court noted that there had

been previous violations which the court had not then deemed sufficient to revoke the probation. However, the court concluded on this occasion, that the probation should be revoked. The court then ordered that the appellant serve the balance of the five year sentence earlier imposed.

On appeal, the appellant first contends that the court improperly considered the pending DWI charges as a factor in determining that he was in violation of his probation. The appellant's contention is not supported by the record on appeal. Although in a sense the court "considered" the pending DWI charges by discussing those charges with the appellant in the course of the probation violation hearing, the finding of the court at the conclusion of that hearing, and the subsequent written order revoking the appellant's probation, do not show reliance upon those charges as *grounds* for revoking the probation.

The instant case is strikingly similar to *State v. Mummert*, 98 Idaho 452, 566 P.2d 1110 (1977). There the defendant Mummert had been placed on probation for the crime of forgery. One of the requirements of probation was that he comply with the rules of probation prescribed by the Board of Correction. One of those rules prohibited a probationer from either purchasing or operating a motor vehicle without prior permission. Mummert was cited into court upon an order to show cause why he should not be held in violation of his probation. At the hearing, he admitted he had both operated and purchased an automobile during the term of his probation, without permission.

In *Mummert*, the Supreme Court recognized that probation violation proceedings are concerned with two inquiries: is the probationer in violation of his probation, and if so, should the probation be revoked or continued? The court stated:

> It is undisputed that appellant violated a valid condition of his probation when he purchased an automobile without first obtaining written permission. Upon finding that violation, the trial court then had to decide whether to revoke or to contin-

ue appellant's probation. By deciding to revoke, the court, in essence, concluded that in appellant's case probation was an ineffective means of rehabilitation and that imprisonment was required both to protect society and to enhance the ultimate rehabilitation of appellant. Appellant's refusal even to attempt compliance with the driving restrictions is indicative of his unwillingness to comply with his probationary conditions. Thus, even though his failure to seek permission before driving could not constitute a probation violation, it would be relevant to the issue of whether probation could be an effective means of rehabilitation in appellant's case. . . .

98 Idaho at 454–455, 566 P.2d at 1112–13.

Particularly pertinent to the instant case, it was brought out during Mummert's probation violation hearing that a burglary charge was pending against Mummert in another county. On appeal, Mummert argued that this information misled the court. The court said:

> Finally, appellant contends that the trial court was misled by the testimony of his probation officer that appellant was charged with second degree burglary in Idaho County. The trial court did not find that the pending criminal charge was a probation violation. It was, however, one factor which influenced the court in deciding to revoke appellant's probation rather than to continue it.

98 Idaho at 455, 566 P.2d at 1113. In disposition of the appeal, the Supreme Court affirmed the order revoking Mummert's probation and the judgment sentencing him to prison.

*Mummert* makes clear that where there are outstanding criminal charges against a probationer which are not formally alleged as violations of probation, it is not error for information concerning those charges to be brought to the court's attention in probation violation proceedings, so long as the court does not rely upon the pending charges to find that a probation violation has occurred. However, such information may be considered by the court

as a factor in deciding whether to revoke or continue probation. This is exactly what happened in the instant matter. The appellant was charged with specific allegations of violation of his probation, not including the pending offenses of driving while under the influence. He admitted he was in violation of his probation. The trial court found that appellant had not complied with the probation agreement. The court did not specifically include the pending charges as a basis for finding that the appellant was in violation of his probation. Those charges, however, could properly be considered by the court in deciding whether to revoke appellant's probation or to continue it. We conclude that reversible error did not occur.

The appellant next contends that he was denied the right to effective assistance of counsel at his probation violation proceedings. The record discloses that court-appointed counsel appeared with the appellant at the hearing. In the course of the proceedings appellant's counsel participated in the explanations concerning the pending DWI charges, was afforded the right to place the appellant on the stand to testify under oath, and was given the opportunity to make a statement on behalf of the appellant. Counsel declined the invitation to have the appellant testify and waived making an argument or statement to the court, stating "Your Honor, I believe Mr. Bell has indicated everything he wishes to have expressed to the court." On appeal the appellant contends that his counsel was ineffective by virtue of an inactive role taken by him during the proceedings. The appellant argues that the counsel's failure to articulate substantial mitigating factors in favor of the appellant made the appointment of counsel by the court a hollow gesture. We disagree. The appellant admitted he was in violation of his probation upon repetitive grounds, after having been warned by the court at his second hearing that it was "his last chance." By way of mitigation he was allowed to personally explain the circumstances and reasons for his violation. The record on appeal fails to support appellant's suggestion that his counsel could, or should, have taken a more active role than he did.

In order to be effective, counsel are not required to engage in futile activities. The record does not demonstrate that appellant was prejudiced through the representation by his counsel. We hold that there was no error in this regard. *See State v. Mummert, supra.*

Finally, appellant contends that the court abused its discretion in revoking the probation and ordering execution of the sentence earlier imposed. Whether a defendant is a fit subject for probation is a matter to be determined in the exercise of sound discretion by the trial court. *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968). After sound determination that a probationer could not possibly perform fundamental conditions of his probation, the judge has discretion to remove probation and pronounce sentence. *Id.* at 46, 436 P.2d at 713. The revocation of probation is discretionary with the court. I.C. § 20–222.

The appellant admitted his violations, eliminating the issue of whether sufficient evidence was presented to support a determination that he was in fact in violation. The appellant had repeatedly demonstrated his unwillingness or inability to adhere to very fundamental conditions of probation. We conclude, under the circumstances of this case, that the district court did not abuse its discretion in revoking appellant's probation and ordering execution of the sentence.

The order of the district court is affirmed.

BURNETT and SWANSTROM, JJ., concur.