655 P.2d 92

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jerry Lee TUCKER,
Defendant-Appellant.**

No. 13948.

Court of Appeals of Idaho.

Nov. 30, 1982.

Brent T. Robinson, Rupert, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Jerry Lee Tucker pled guilty to a charge of robbery under I.C. § 18–6501. He was sentenced to five years in the custody of the Board of Correction for the robbery conviction, and the sentence was enhanced by an additional three year term for commission of the crime with the use of a firearm. However, the district judge suspended the entire sentence and placed Tucker on probation for three years. One year later Tucker was charged with, and admitted, violation of his probation. The probation was revoked and he was placed in the custody of the Board of Correction to serve the original sentence. He appeals the order of the district court revoking his probation and imposing the balance of his sentence. We affirm the order.

Tucker raises the following issues: First, was he denied his right to due process in the probation violation proceeding because the district court considered allegations not set forth in the probation violation report? Second, should the enhanced portion of the sentence be set aside because Tucker was not informed, prior to his plea of guilty, that commission of robbery with the use of a firearm carried the possibility of an enhanced sentence? Third, was the sentence excessive, either when it was originally imposed or when the court ordered that the balance be served upon revocation of probation?

In 1978, Tucker was charged with robbery of a Burley, Idaho, grocery store. The information alleged that the robbery was accomplished with the use of a firearm. He originally pled not guilty to the charge, intending to rely on the defense of mental disease or defect. See I.C. § 18–209 (repealed by S.L.1982, ch. 368, § 1, effective July 1, 1982). Following two court-ordered psychiatric examinations, Tucker changed his plea to guilty.

After a sentencing hearing, Tucker was committed to the Board of Correction, but the court retained jurisdiction over him for 120 days. During the period of retained jurisdiction, the district judge suspended the balance of Tucker's sentence and placed him on probation. Pertinent terms of the probation agreement were that Tucker would (1) refrain from the use of alcohol, (2) undergo mental health counseling, and (3) respect and obey all laws and at all times conduct himself as a good citizen. Neither the conviction, the sentence, nor

the probation order was appealed at that time.

In 1980, while Tucker was still on probation, he pled guilty to, and was convicted of, battery in violation of I.C. § 18–903(b), a misdemeanor. He served 64 days in jail for the offense. He was then charged with violation of his robbery probation due to the commission of the battery. Tucker demanded a hearing on the alleged probation violation.

However, Tucker later waived the formal hearing, admitted the battery conviction, and admitted that he was in violation of his probation. Seeking to have his probation continued notwithstanding the admitted violation, Tucker testified that he was attempting to receive out-patient psychiatric treatment, that he was steadily employed and enjoyed his work, and that he had moved to a neighborhood different from the one where the battery had occurred. Upon questioning by the judge, Tucker admitted that he had continued to consume alcohol while on probation. He also admitted discontinuing the use of epilepsy medication which had been prescribed for him.

The district judge, in deciding whether to revoke Tucker's probation, considered Tucker's testimony, the battery conviction, and also information concerning alleged homosexual advances Tucker had made to a fifteen-year-old boy. Taking all of these factors into account, the court revoked Tucker's probation and ordered him to serve the balance of his sentence, including the enhanced portion.

I

The first issue we address is Tucker's claim that he was denied his right to due process because the district court considered several factors which were not formally alleged as probation violations. Tucker cites State v. Edelblute, 91 Idaho 469, 424 P.2d 739 (1967), for the proposition that he was entitled to formal notice before the court considered information not alleged as probation violations.

The record does not support Tucker's position on the notice issue. The record shows Tucker was aware that, prior to the probation violation proceeding, the court had received reports mentioning Tucker's continued use of alcohol, his discontinued use of prescribed medication, his lack of cooperation in mental health counselling, and of the alleged incident involving the fifteen-year-old boy. The reports had been submitted in support of a petition for psychological evaluation of Tucker during his probation. These matters were not new to either Tucker or the court. This is not a case where new information was introduced, for the first time, at the probation violation; and no claims of surprise were made by Tucker. We hold the district court did not err by considering these matters in the course of determining whether to discontinue probation after a violation had been admitted.

Under these circumstances, we conclude that advance notice to Tucker, that the court would consider these matters, was not required. Aside from the notice issue, it is well settled that once a probation violation is properly shown—as it was here when Tucker admitted the battery conviction— the court may consider other incidents of probation violation which have not been formally charged, in determining whether the probation should be revoked or continued. See State v. Mummert, 98 Idaho 452, 566 P.2d 1110 (1977); State v. Bell, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982).

II

We next turn to Tucker's contention that the enhanced portion of the original sentence was not lawful. Tucker argues that his original plea of guilty to the robbery as alleged in the information is invalid in so far as it relates to the use of a firearm, because he was not informed prior to his plea that conviction for the use of a firearm in the commission of robbery would subject him to enhanced punishment under I.C. § 19–2520. He maintains that his right to due process was denied because the prosecutor's information did not specifically charge a violation of this statute separate from the crime of robbery.

We need not reach the merits of this argument. The judgment of conviction which included the sentencing order, was a final judgment for purposes of appeal. *See State v. Wagenius,* 99 Idaho 273, 581 P.2d 319 (1978); *Franklin v. State,* 87 Idaho 291, 392 P.2d 552 (1964). *Compare Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937). It was filed with the clerk of the district court on March 6, 1979. The time to appeal a judgment of conviction starts to run when the judgment is signed by the court and filed of record with the clerk. *State v. Hawk,* 97 Idaho 1, 539 P.2d 553 (1975). Idaho Appellate Rule 14(a) allows 42 days from the filing of the judgment of conviction within which to file a notice of appeal. This time is enlarged by the period up to 120 or 180 days, as the case may be, that the district court retains jurisdiction pursuant to I.C. § 19–2601(4). *See* I.A.R. 14(a). Placing Tucker on probation did not affect the finality of the judgment of conviction and sentence, for the purpose of appeal. *Berman v. United States, supra.*

The notice of appeal in this case was filed after the order revoking probation was entered in November, 1980—more than one year from the date of the original sentence. The requirement of perfecting an appeal within the 42-day time period allowed by Rules 11 and 14, I.A.R., is jurisdictional. An appeal taken after expiration of the filing period will be dismissed. *See Neal v. Harris,* 100 Idaho 348, 597 P.2d 234 (1979); I.A.R. 21. Consequently, we are without jurisdiction to entertain, in this appeal, the question of whether the district court lawfully could enhance the sentence under I.C. § 19–2520. *Berman v. United States, supra.* This appeal is from an "order made after judgment affecting the substantial rights of the defendant" (I.A.R. 11) and the issues on appeal are confined to that order.

### III

The final issue is whether the sentence was excessive either at the time it was originally pronounced or at the time it was imposed upon revocation of probation. For reasons stated above, we will not now consider whether the sentence was excessive when originally pronounced in the judgment of conviction. Our focus is narrowed to the question of whether the sentence was excessive in light of circumstances existing when the court imposed the balance of the sentence upon revocation of probation.

We note that a robbery conviction subjects a person to the maximum punishment of life imprisonment. I.C. § 18–6503. When robbery is committed with the use of a firearm, the convicted person is subject to a maximum enhanced sentence of fifteen years to run consecutively to the sentence for robbery. I.C. § 19–2520.

The time periods for both components of Tucker's sentences are within the applicable statutory maximums. Where a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively demonstrates that the trial court clearly abused its sentencing discretion. *State v. Lopez,* 102 Idaho 692, 638 P.2d 889 (1981). A sentence may represent a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any related goals of deterrence, rehabilitation or retribution applicable to a particular case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria. *Id.* Where, as here, the appeal is from the imposition of a previously suspended sentence, the relevant facts are those within a time frame extending from the original pronouncement of the sentence to its subsequent imposition upon revocation of probation.

For the purpose of appellate review, we deem the date of first eligibility for parole to be the benchmark for measuring the term of confinement imposed by an

indeterminate sentence. *Id.* In this case Tucker would be eligible for parole consideration after serving one-third of his aggregate eight-year sentence, or thirty-two months. From our review of the present record—which is comprised of information presented to the district court since imposition of the original sentence—we believe that, upon any reasonable view of the facts, a term of thirty-two months' confinement would not exceed the period which appears necessary to protect society from Tucker's conduct. Accordingly, we conclude that the sentence was not excessive when the balance was ordered to be served.

Tucker contends that the district court abused its discretion in revoking his probation and imposing the balance of the original sentence because his alcohol use, medical problems, and alleged social deviancy pointed to a need for psychiatric treatment. The court, however, reviewed Tucker's prior lack of response to such treatment and determined the likelihood of success for future treatment was minimal. Tucker's admitted violation of probation by the battery offense was a reasonable ground to revoke probation. We conclude that Tucker has not shown an abuse of discretion by the district court.

The order revoking probation, and executing the sentence originally imposed, is affirmed.

SWANSTROM and BURNETT, JJ., concur.