707 P.2d 483

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Timothy Roy GROVE,
Defendant-Appellant.**

**No. 15729.**

Court of Appeals of Idaho.

Sept. 30, 1985.

Randy J. Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon pleading guilty to a charge of aggravated assault, Timothy Roy Grove received an indeterminate sentence of five years. However, the district judge retained jurisdiction pursuant to I.C. § 19–2601(4) and eventually suspended the sentence, placing Grove on probation. The probation later was revoked and the original sentence was reinstated. In this appeal

Grove contends that reinstatement of the five-year sentence was an unduly harsh response to his probation violation. We affirm the district court's order.

 Grove's guilty plea was a product of negotiation. He initially pled not guilty to a charge of committing a robbery and threatening the victim with a shotgun. He changed his plea when the charge was amended. After the five-year sentence was suspended and probation was granted, Grove violated the terms of his probation agreement in three respects. First, he failed either to maintain steady employment or to attend school. Second, he failed to make restitutionary payments. Finally, he committed misdemeanor offenses of battery and trespass. At the probation revocation hearing, Grove testified that he was unable to obtain employment and that his inability to obtain employment precluded him from making restitutionary payments. Further, although he did not deny the battery and trespass, he characterized them as a domestic squabble. The district judge was not persuaded, nor are we, that compliance with the terms of probation was impossible or that the violations were insignificant.

Revocation of probation is a discretionary decision. Relevant considerations in making this decision are whether the probation is serving the goal of rehabilitation, and whether imprisonment is necessary for the protection of society. *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). Here, the record shows that Grove, by his volitional conduct, breached the terms of probation and engaged in threatening behavior towards others. We find no abuse of discretion in revoking his probation.

 We next address Grove's argument that the full five-year sentence should not have been reinstated. Because the original sentence was not appealed, we will not now review it for excessiveness upon the facts *then* existing. *State v. Tucker*, 103 Idaho 855, 655 P.2d 92 (Ct.App.1982). Rather, our focus is upon all circumstances bearing on the decision to reinstate the sentence, including events occurring between the original pronouncement of sentence and the revocation of probation. In summary, we must consider the aggravated assault, followed by other violent or threatening behavior and by failure to comply with court-ordered conditions of probation.

Under I.C. § 18–905, the maximum sentence for aggravated assault is imprisonment for five years. Grove's indeterminate sentence is within this statutory limit. Such a sentence will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Lopez*, 102 Idaho 692, 638 P.2d 889 (1981). Our standards for determining whether discretion has been abused are well established and need not be reiterated here. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In light of those standards and the facts before us, we conclude that no abuse has been shown.

Accordingly, the order revoking probation and reinstating the original sentence is affirmed.