742 P.2d 431

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Arnold James PHILLIPS, Defendant-Appellant.**

**No. 16746.**

Court of Appeals of Idaho.

Aug. 28, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

This appeal concerns a probation revocation. Jim Phillips was charged with violating his probation by filing a false status report used to collect food stamps. After a hearing, the district court revoked probation and ordered execution of two suspended sentences. Phillips has appealed. He contends that the district court erred in (1) disregarding testimony of his innocence and failing to give written reasons for doing so, and (2) failing to consider sentencing guidelines in revoking probation. We affirm.

The record reveals the following facts. While on probation for a prior offense, Phillips was charged with grand theft. He pled guilty and received a three-year indeterminate sentence with the court retaining jurisdiction for 180 days. Phillips was eventually placed on probation but repeatedly violated its terms. A violation report dated December 31, 1985, listed violations such as failing to pay debts, associating with specified persons he had been ordered to avoid, and failing to report to and lying to probation officers. Before a hearing could be held on those violations, a progress report dated April 3, 1986, revealed nine additional violations including failure to pay debts, repeated driving violations, and writing several insufficient funds checks. Phillips did not appear at the hearing on these reported violations and was later arrested. At a later proceeding, Phillips admitted that he violated his probation and he pled guilty to writing an "insufficient funds" check. Other charges were dismissed. The district court extended Phillips' probation on the original grand theft charge for two additional years and sentenced him to a three-year fixed term for writing the insufficient funds check. This three-year fixed term was to run consecutive to the grand theft sentence. The fixed term sentence was also suspended and Phillips again was placed on probation.

In September, 1986, Phillips filed a false report to obtain food stamps. The report indicated that Phillips had not worked the previous month when in fact he had. By falsely understating his income, Phillips would have acquired more food stamps than he was entitled to receive. Although he admitted submitting the report, Phillips contended that his wife had filled the report out incorrectly and that he had simply signed it without actually reading it. The court disbelieved Phillips and revoked his probation. The court ordered execution of the two suspended three-year sentences.

I

If a probationer violates the terms of his probation, the district court may revoke the probation at any time. I.C. § 20–222. Revocation of probation is discretionary with the district court. *State v. Grove*, 109 Idaho 372, 707 P.2d 483 (Ct.App.1985). In considering its decision, the court examines whether the probation is achieving rehabilitation and is consistent with the protection of society. *Id.*

Phillips admitted filing the false report. Therefore, the sufficiency of the evidence as to whether a violation occurred is not at issue. *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). Phillips' main contention is that he did not read the false report which he submitted. Both Phillips and his wife testified that he did not read the report before signing it. Therefore, Phillips argues that the court must accept the uncontroverted testimony. We disagree.

The district judge indicated that he did not believe the Phillips' testimony. Thus, the real question is one involving the credibility of the witnesses. We believe the record amply supports the district court's conclusion as to credibility. Mr. Phillips' penchant for lying had long been noted in his probation reports. Those reports indicated that Phillips had established no credibility and had maintained a life style based on "deceit, theft, and unfeeling destruction." An employee of the Department of Health and Welfare testified that Phillips had asked to change the status report because he knew the false report was a violation of his probation that would cause him to go to prison. While testifying, Phillips admitted that he had lied to the health and welfare representative

about his employment. In short, the district court had a substantial basis for doubting Phillips' credibility. The record shows that the district court did not ignore the testimony, but rather did not believe the Phillips' story. We will not substitute our opinion of a witness's credibility for that of the trial court. *Salazar v. Tilley,* 110 Idaho 584, 716 P.2d 1356 (Ct.App.1986).

■ Nor do we find error in the trial court's failure to specifically set forth in a written opinion its reasons for questioning the credibility of Phillips and his wife. The record is replete with examples of Phillips' lying and dishonesty. The judge's comments at the revocation hearing leave no doubt that the judge was basing his opinion on Phillips' past record of untruthfulness, as well as the judge's belief that Phillips was trying to escape responsibility for the false report by blaming his wife. These comments are readily reviewable in the transcript of the revocation hearing. Thus, the absence of written findings does not constitute a denial of due process as alleged by Phillips. *See State v. Chapman,* 111 Idaho 149, 721 P.2d 1248 (1986).

## II

■ We also find that the record rebuts Phillips' argument that sentencing criteria were not considered by the district court when it revoked his probation. The judge commented on Phillips' long history of failing to avail himself of the rehabilitative opportunities offered by probation. The history of a lack of progress was also supported by the probation reports and the testimony of Phillips' probation officer. The district judge's comments at the revocation hearing made it clear that he felt every opportunity for rehabilitation had been extended to Phillips without success. Rehabilitation is one of the chief goals of probation. The record indicates that probation has not worked for Phillips. We find no abuse of discretion in the district court's actions.

The order revoking probation and ordering execution of the suspended sentences is affirmed.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I join in the Court's opinion, but I write separately to comment on two ancillary questions posed by this appeal. The first is how to interpret certain remarks made by the district judge at the probation revocation hearing. The judge stated that Phillips did not have "any spine whatsoever" in testifying that his wife had filled out the food stamp report. The judge further declared that Phillips would be remanded to the Board of Correction "because I have had it, as they say, up to here with this character." After examining the full record, I believe these remarks reflect a capable judge's sense of frustration over Phillips' pattern of conduct. Nevertheless, derogatory ad hominem statements are inconsistent with the requirement that judges be patient, dignified and courteous to litigants. In a closer case, such statements could have called into question the reasoned basis of the judge's decision.

The second question is how much reliance courts should place upon statements of fact by counsel. This case was submitted to us on briefs. The appellant's brief contains statements which, although not literally false, are so selective and incomplete that they misrepresent the true nature of the case. In its depiction of facts pertinent to the decision to revoke probation, the brief mentions only the inaccurate food stamp report. It is silent as to Phillips' preceding conduct. The brief further states that a probation officer recommended jail time for the probation violation. It fails to acknowledge that this officer was relieved of his duties by the Department of Correction and that the Department's intensive probation supervisor recommended sending Phillips to the penitentiary.

Attorneys are expected to be diligent advocates for their clients—a thankless task in many criminal cases. However, they also are officers of the court. They have a duty of candor toward the tribunals in which they appear. Counsel may emphasize facts favorable to a client's position,

but care still must be taken to assure that the material facts are accurately presented. Justice is best served, and advocacy is most effective, when a court can repose confidence in counsel's presentation of the facts.