769 P.2d 602

STATE of Idaho, Plaintiff–Respondent,

v.

Thane Paul KERR, Defendant–Appellant.

No. 17477.

Court of Appeals of Idaho.

March 1, 1989.

Warren C. Webber, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

After pleading guilty to a charge of lewd conduct with a minor under the age of sixteen years, Thane Kerr received an indeterminate five-year sentence. The district court retained jurisdiction for a total of 180 days while Kerr was evaluated at the North Idaho Correctional Institution. The court received recommendations not favorable to probation; nonetheless, he suspended execution of the sentence and placed Kerr on probation for five years. By agreement with authorities in Utah, Kerr's probation was transferred to that state. While in Utah, Kerr was convicted of a misdemeanor charge of lewdness. Kerr was sentenced and served six months in the Salt Lake County jail.

As a result, probation violation proceedings were instituted in Idaho against Kerr. After a hearing, Kerr was found in violation of his probation. The court revoked the probation and ordered Kerr to serve the previously suspended, indeterminate five-year sentence. Kerr appeals, contending that the district court abused its discretion in ordering execution of the five-year sentence. We affirm.

■ We begin by noting that revocation of probation is a discretionary decision. Relevant considerations in making this decision are whether the probation is serving the goals of rehabilitation and whether imprisonment is necessary for the protection of society. *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). The record here clearly establishes that Kerr violated his probation by breaking the law in Utah. We find no abuse of discretion in revoking his probation.

We turn next to Kerr's argument that the full five-year sentence should not have been reinstated. Kerr argues that the court ignored several other sentencing options including commuting his sentence and placing him in the county jail or allowing him an additional probation opportunity. This appeal affords us no basis to re-examine the sentence originally imposed in the narrow light of circumstances then existing. Rather, it requires us to examine the sentence in light of the present record, including events occurring between the original pronouncement of sentence and the revocation of probation. *State v. Grove*, 109 Idaho 372, 707 P.2d 483 (Ct. App.1985); *State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982).

Under I.C. § 18–1508, Kerr could have received life imprisonment as a maximum sentence. Kerr's five-year indeterminate sentence is within the statutory limit. We will not overturn such a sentence absent a showing of abuse of discretion. *State v. Lopez*, 102 Idaho 692, 638 P.2d 889 (1981). On appeal we examine the sentence in light of the well-established standards of *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Kerr committed his offense prior to the effective date of the Unified Sentencing Act. I.C. § 19–2513. For purposes of review of an indeterminate sentence, we deem one-third of the sentence to be an appropriate measure of the term of confinement, in this case a period of twenty months.

■ Having reviewed the record and considered the sentence review criteria, we determine that the district court did not abuse its discretion in ordering execution of Kerr's suspended five-year indeterminate sentence. Kerr was granted probation by the court in an effort to achieve his rehabilitation without resorting to incarceration. At the time, Kerr claimed that, with the support of his family and the benefit of a new living environment in Utah, he could modify his behavior. However, within one year Kerr committed a similar crime in Utah. It is obvious Kerr failed to avail himself of his probation opportunity, but instead took advantage of the court's leniency to continue his pattern of unlawful behavior. Kerr's acts dramatically demonstrated both the risk he posed to society if

not incarcerated and his unworthiness as a probation candidate. We note that the court added to its revocation order a recommendation to the Board of Correction that Kerr be housed at the North Idaho Correctional Institution where he could receive the benefit of sex offender counseling and treatment. It is apparent the court was aware of the sentencing alternatives and chose one which served appropriate sentencing purposes.

The order revoking probation and reinstating the original sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.