838 P.2d 876

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terrill Roderick BOSS, Defendant–Appellant.**

**No. 19718.**

Court of Appeals of Idaho.

Oct. 2, 1992.

Daniel P. Featherston, Sandpoint, for appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

Terrill Roderick Boss appeals from an order revoking his probation after the district court determined that Boss was in violation of the terms of probation by con-

suming alcohol. The district court ordered Boss to serve concurrent sentences of six years with two years fixed for delivery of a controlled substance[1] and five years with two years fixed for aggravated assault. On appeal Boss contends that the court abused its discretion in revoking probation and by requiring the previously imposed sentences to be served. As we discuss below, we affirm.

Boss was charged by information with delivery of a controlled substance, marijuana, after he sold a quantity of the substance to the state's confidential informant. A month later Boss was charged by information with aggravated assault, arising from an incident in which Boss approached a person at a gathering, made a threatening statement, then pulled a .22 caliber pistol from his belt, cocked the hammer, and pointed the muzzle at the victim's head. Pursuant to a plea agreement, Boss pled guilty to the two charges, and the cases were consolidated for sentencing, resulting in the imposition of the sentences described above, with the court retaining jurisdiction. After a period of 180 days retained jurisdiction, the court suspended Boss's sentences and placed him on probation for a three-year period.

Among the conditions of Boss's probation were that he not consume alcohol or enter any establishment where the sale of alcohol constituted the major source of income. After receiving a report of two violations of these conditions, consisting of Boss drinking at a bar and at a private home, the district court held a hearing and found that a violation had occurred. After reviewing Boss's criminal record, and concluding that the consumption of alcoholic beverages had in the past contributed to Boss's acts of violence, the court determined that for the protection of society the previously imposed sentences should be ordered into execution.

Revocation of probation is within the discretion of the district court and may occur at any time during the probationary period if the probationer has violated any of the terms of the probation. I.C. § 20-222; *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988). Our review of the district court's action is confined to an abuse of discretion standard. *Id.* Under I.C. § 20-222, in exercising its discretion the district court examines whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *Id.; State v. Phillips*, 113 Idaho 176, 177, 742 P.2d 431, 432 (Ct.App. 1987); *State v. Grove*, 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985).

Boss argues that the revocation of probation and execution of the sentences constituted an abuse of discretion because his relapse into the consumption of alcohol is a "common circumstance of someone attempting to break an addictive habit such as alcoholism." Although Boss violated the alcohol-related conditions of his probation, he asserts that he nevertheless continued to comply with other terms of his probation and was attending Alcoholics Anonymous. He further argues that the court should have continued him on probation but placed him on an "antabuse" program to monitor him more closely.

The district court noted in its comments at the revocation hearing that Boss had been given a number of prior opportunities to rehabilitate and to overcome his substance abuse problem. The court concluded, however, that Boss's lack of success with probation, coupled with his propensity for violence evidenced by his conviction for aggravated assault and his prior conviction of misdemeanor battery, required the revocation of probation because probation was not achieving rehabilitation and because society deserved protection against possible future violence by Boss.

---

1. The maximum sentence for delivery of a controlled substance, marijuana, is five years imprisonment, pursuant to I.C. § 37-2732(A)(1)(B). The sentence Boss received of six years with two years fixed exceeds the statutory maximum. The sentence is thus illegal.

Pursuant to *State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991), the issue of the illegality of a sentence may not be raised for the first time on appeal; rather, the defendant must present an I.C.R. 35 motion to the district court seeking the correction of this illegal sentence.

We conclude that the district court acted within the bounds of its discretion as required by I.C. § 20–222 and reached its decision by an exercise of reason. Accordingly, the order of the district court revoking Boss's probation and ordering the concurrent sentences into execution is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.