83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael A. LAKE, Petitioner-Appellant,
v.
James HOPE, Warden, Respondent-Appellee.
 No. 94-35957.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Lake appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. Lake contends that the district court erred by determining that his claims relating to his 1984 convictions for lewd conduct with a child were unexhausted or procedurally barred, and by dismissing his claim relating to his 1986 escape conviction on the merits. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and may affirm on any ground supported by the record, Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990). We affirm.
 
 
 3
 * Exhaustion of Claims
 
 
 4
 The district court determined that three of Lake's thirteen claims were unexhausted.[1] Lake contends that he presented all of his claims sufficiently to the Idaho courts.
 
 
 5
 A petitioner satisfies the exhaustion requirement by fairly presenting his claims to the highest state court, or showing that no state remedy exists. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983).
 
 
 6
 We note first that it is unclear from the record on appeal whether all of Lake's claims have been exhausted. Even if the claims have not been presented to the Idaho courts, the State contends that they are now procedurally barred either by Idaho Code § 19-4902 (1987), because they were not presented within five years of Lake's conviction, or because they were not raised in Lake's first state petition for post-conviction relief as required by Idaho Code § 19-4908 (1987). We need not resolve the difficult issue of exhaustion, however, because all three claims are frivolous. See Clark v. Ricketts, 958 F.2d 851, 856-57 (9th Cir.1991), cert. denied, 506 U.S. 838 (1992); see also Engle v. Isaac, 456 U.S. 107, 121 n. 19 (1982) (unnecessary to determine whether claim is exhausted where the petitioner fails to allege a deprivation of a federal right); Gutierrez v. Griggs, 695 F.2d 1195, 1197-98 (9th Cir.1983) (same); cf. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (habeas review limited to deciding if detention violates Constitution, or federal treaty or law).
 
 
 7
 Lake first claims that Idaho Code § 19-4902 is an impermissible restriction on the writ of habeas corpus under Idaho law. Lake does not argue that the statute is unconstitutional under federal law, nor could he. Cf. Gasquet v. Lapeyre, 242 U.S. 367, 369 (1917) (Suspension Clause of Article I, § 9 of Constitution does not restrict state action, only national action). We need not determine if the claim is exhausted because it involves only state law, and therefore the claim is not cognizable under 28 U.S.C. § 2254. See Engle, 456 U.S. at 121 n. 19; Gutierrez, 695 F.2d at 1197-98.
 
 
 8
 Lake's second claim is that the State did not show prejudice sufficient to invoke Idaho Code § 19-4902. Because Lake does not allege that he is detained in violation of the Constitution, or a federal treaty or law, we will not require exhaustion of this claim. See McGuire, 502 U.S. at 68; Clark, 958 F.2d at 857.
 
 
 9
 Lake's third claim is that state appellate and post-conviction procedures precluded him from obtaining review of his sentence for the 1984 convictions, violating the federal Due Process and Equal Protection Clauses. Although Lake's claim arguably involves federal law, he attacks only the procedures for reviewing a sentence following a conviction. Lake does not allege, under the claim, that his detention violates the Constitution, a federal statute, or a treaty. See McGuire, 502 U.S. at 68; Clark, 958 F.2d at 857.[2]
 
 II
 Procedural Default
 
 10
 Lake next contends that procedural default does not apply. Alternately, he contends that he demonstrated cause for the default and resulting prejudice, or that procedurally barring his claims would be a manifest injustice.
 
 
 11
 Lake failed to file a petition for post-conviction relief challenging his 1984 convictions within five years. The Idaho district court and court of appeals refused to address the merits of Lake's claims attacking the 1984 convictions, finding that he failed to comply with Idaho Code § 19-4902 (1987) (application for post conviction relief must be filed within five years of conviction).
 
 
 12
 A petitioner who has failed to abide by a state's procedural rules when pursuing state remedies must show cause for the procedural default and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The state court must actually rely on the procedural bar, separate and apart from an assessment of the merits. Harris v. Reed, 489 U.S. 255, 261-62 (1989); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993).
 
 
 13
 Lake contends that the Idaho courts actually addressed the merits of his federal claims, and the district court had no choice but to give Lake relief. However, we agree with the district court that the Idaho district court and court of appeals, in their written decisions, actually relied on the five-year statute of limitations for post-conviction relief to bar review of Lake's claims. See Harris, 489 U.S. at 261-62; Noltie, 9 F.3d at 804-05.
 
 A. Cause
 
 14
 Lake contends that incompetence of counsel on appeal and in his post-conviction proceedings constitutes cause for his procedural default. He is incorrect.
 
 
 15
 First, Lake's appellate counsel did not prevent him from filing a post-conviction petition. Second, Lake did not have the constitutional right to counsel for his post-conviction proceedings. See Bonin v. Vasquez, 999 F.2d 425, 429-30 (9th Cir.1993). Accordingly, any alleged ineffectiveness cannot constitute cause for the default. See id. at 431.
 
 B. Manifest Injustice
 
 16
 Lake contends that he need not show or allege factual innocence in order to demonstrate manifest injustice resulting from the application of procedural bar to his claims. He is incorrect. See Murray v. Carrier, 477 U.S. 478, 496 (1986); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992).
 
 III
 Escape Conviction
 
 17
 Lake contends that the facts underlying his guilty plea for escape did not constitute a crime under the applicable Idaho statute. The Idaho courts, however, found that the facts to which Lake pleaded guilty constituted a crime under the statute. We defer to a state's interpretation of its own laws. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993) (per curiam).
 
 
 18
 We find no merit to Lake's remaining claims, and deny his pending motions.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whenever a district court determines that a petition contains an unexhausted claim, the district court should dismiss the entire petition without addressing the merits of the claims, or permit the petitioner to amend the petition to present only unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 516 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988)
 
 
 [2]
 On the merits, the claim is also frivolous. Lake could have obtained review of his sentence following the revocation of his probation, or through a Idaho Rule of Criminal Procedure 35 motion. See State v. Grove, 707 P.2d 483, 484 (Idaho Ct.App.1985) (reviewing sentence after revocation of probation); State v. Lopez, 680 P.2d 869, 872 (Idaho Ct.App.1984) (reviewing sentence for reasonableness on appeal of Rule 35 motion)