**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36772**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 547 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AMANDA NICHOLE RAVELLETTE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and requiring execution of concurrent unified sentences of fourteen years with three years determinate for the first count of forgery, and fourteen years with four years determinate for the second count of forgery, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GRATTON, Judge
and MELANSON, Judge

---

PER CURIAM

Amanda Nichole Ravellette was convicted of two counts of forgery, Idaho Code § 18-3601. The district court imposed concurrent unified sentences of fourteen years with three years determinate for the first count of forgery, and fourteen years with four years determinate for the second count of forgery, and ordered the sentences to run concurrently with sentences in separate cases. Following a period of retained jurisdiction, the district court suspended the sentence and placed Ravellette on supervised probation. Subsequently, Ravellette admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered

1

execution of the original sentences. Ravellette appeals, contending that the district court abused its discretion in failing to sua sponte reduce her sentences upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we do not base our review upon the facts existing when the sentence was imposed. Rather we examine all the circumstances bearing upon the decision to revoke probation and require execution of the sentence, including events that occurred between the original pronouncement of the sentence and the revocation of probation. *Adams*, 115 Idaho at 1055, 772 P.2d at 262; *State v. Grove*, 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct. App. 1985); *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Ravellette's original sentences without modification. Therefore, the order directing execution of Ravellette's previously suspended sentences is affirmed.