**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40652**

| | | |
|---|---|---|
| DREW MICHAEL WILLIAMS, | ) | 2014 Unpublished Opinion No. 455 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 16, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| _____ | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Drew Michael Williams appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Williams pled guilty to stalking in the first degree, Idaho Code §§ 18-7905(a) and/or (e), 18-7906. The district court imposed a unified term of five years with three years determinate and retained jurisdiction for one year. Following completion of the retained jurisdiction period, the district court suspended the sentence and placed Williams on probation for a period of five years. Williams' probation required him to comply with all terms and conditions imposed by the court and his probation officer, to refrain from consuming alcohol, and to refrain from contacting his minor children without the consent of his probation officer. Additionally, his probation

1

officer imposed terms consistent with probation terms typically imposed on domestic battery offenders.

Thereafter, the probation officer filed a report of violation alleging that Williams consumed alcohol, contacted his children without consent, and failed to comply with the terms of his probation by threatening to cut another person's throat in a voicemail. Additionally, the probation officer stated that Williams was not supervisable in the community and recommended his original sentence be imposed. The district court found that Williams violated the terms of his probation and executed his previously-suspended sentence.

Williams filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Williams appealed, contending the district court abused its discretion by revoking probation and failing to sua sponte reduce his sentence. This Court affirmed the district court's orders revoking probation and directing execution of Williams' previously-suspended sentence in *State v. Williams*, Docket Nos. 39540/39541 (Ct. App. April 9, 2013) (unpublished).[1]

While the appeal was pending, Williams filed a petition for post-conviction relief, alleging that his counsel provided ineffective assistance by failing to challenge the imposition of the probation terms that were designed for felony domestic battery offenders. Williams also requested the appointment of post-conviction counsel. The district court denied his request for appointment of counsel and filed a notice of its intent to dismiss the petition. Thereafter, Williams filed an amended petition for post-conviction relief and a motion for summary judgment. The State responded and moved for summary dismissal of Williams' petition. The district court re-entered its notice of intent to dismiss Williams' petition and after allowing Williams the opportunity to respond to the notice, the district court granted the State's motion and summarily dismissed the petition. Williams timely appeals.

## II.

## ANALYSIS

Williams contends that the district court abused its discretion when it denied his motion for appointment of post-conviction counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or

---

[1]    Williams' appeal was consolidated with another appeal resulting from his guilty plea to possession of a controlled substance.

deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004).

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Williams' petition claimed that his attorney provided ineffective assistance for failing to challenge the imposition of the felony domestic battery probation conditions imposed by his probation officer. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the

motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Hoffman v. State*, 153 Idaho 898, 904, 277 P.3d 1050, 1056 (Ct. App. 2012). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Hoffman*, 153 Idaho at 904, 277 P.3d at 1056.

We conclude that the district court did not abuse its discretion in denying Williams' request for appointment of counsel. Williams failed to demonstrate that his petition for post-conviction relief contained the possibility of a valid claim. Williams' petition alleged that defense counsel failed to challenge the imposition of probation terms associated with a domestic battery probationer. However, any challenge to the imposition of the terms and conditions of probation would have been futile. The record demonstrates that the first term of Williams' probation was a requirement to comply with all terms and conditions imposed by the court and the probation officer. The probation officer imposed additional terms and conditions designed for domestic batterers, which Williams agreed to and signed. Williams did not object to the terms and conditions of his probation at the time they were imposed, nor did he instruct his attorney to challenge his probation terms at that time. Following Williams' arrest for probation violation, the district court held a hearing to determine whether he violated the terms of his probation. It was during this hearing that Williams alleged his counsel provided ineffective assistance by failing to challenge the terms of his probation. Specifically, Williams asserted that he told his attorney to inform the court that he was not a domestic batterer and therefore, he was not subject to those terms and conditions. However, such a challenge would have been futile.

First, Williams consented to those terms and conditions when he signed the felony batterer form at the onset of his probation.[2] Second, those terms and conditions were appropriate and necessary to achieve the probation goals of rehabilitation and protection of society. Terms of probation are appropriate if the condition of probation is reasonably related to the probation goals of rehabilitation and protection of society. *State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *State v. Wardle*, 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App. 2002). The record indicates that Williams had a history of violence, including violent acts against his ex-

---

[2]     Williams could have declined probation and demanded to fulfill his sentence if he considered the terms and conditions of probation too onerous. *State v. Sandoval*, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969).

wife. His underlying crime of felony stalking arose when, in violation of a no-contact order, he entered his ex-wife's house with a knife and a roll of tape and held her in the home against her will for six hours. During this time, Williams threw his ex-wife against the wall, ran the blade of the knife against her leg, and threatened that neither he nor she would leave the house alive. Additionally, the presentence investigation report indicated that he committed at least one additional battery against his ex-wife. The probation officer imposed a term of probation normally associated with domestic batterers which stated that Williams would not engage in nonphysical abuse such as verbal abuse, swearing, and screaming at a woman or child, that he would not stop a woman from going someplace, that he would not follow a woman or her male partner against their will, and that he would not throw, kick, hit, or threaten a woman or child. Based on Williams' criminal history, this condition was an appropriate condition reasonably related to the probation goals of rehabilitation and protection of society. Accordingly, any claim that he should not have been subject to the probation terms would be futile.

Further, Williams has failed to make a valid claim that his attorney's alleged deficient performance was prejudicial. Williams violated two other conditions of his probation in addition to the domestic batterer condition. He violated the court-imposed condition prohibiting him from drinking alcohol and the condition prohibiting him from contacting his children. Revocation of probation is discretionary with the district court. *State v. Phillips*, 113 Idaho 176, 177, 742 P.2d 431, 432 (Ct. App. 1987). In considering its decision, the court examines whether the probation is achieving rehabilitation and is consistent with the protection of society. *Id*. Williams' probation officer testified that he could not safely supervise Williams in the community and saw Williams as a high risk and liability. Further, Williams' actions while on probation demonstrate a complete disregard for the terms and conditions of his probation. He consumed alcohol, contacted his children, threatened violence on others, engaged in verbal conflicts with his counselor, and was removed from his treatment program as a result of his attitude and noncompliance. Based on the foregoing, whether or not Williams violated the terms of his probation for threatening to cut another individual's throat is irrelevant, because regardless, the district court still could consider that threat as a factor in its determination that Williams' probation was not achieving its goals. Therefore, Williams is unable to demonstrate that his attorney's failure to challenge his probation terms was prejudicial. Accordingly,

Williams' petition failed to present the possibility of a valid claim and the district court did not err in denying his request for appointment of counsel.

## III.

## CONCLUSION

Williams has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Williams' petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**