# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43975

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 817 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 13, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RAUL EDGAR HERRERA aka EDGAR | ) | THIS IS AN UNPUBLISHED |
| CANTU, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction and concurrent unified sentences of life with thirty-five years determinate for murder in the first degree; life with thirty years determinate for robbery; ten years determinate for burglary; life with twenty years determinate for kidnapping second degree; and fifteen years determinate for aggravated battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Raul Edgar Herrera was found guilty of murder in the first degree, Idaho Code §§ 18-4001, 18-4002, 18-4003(a), 18-204; robbery, I.C. §§ 18-6501, 18-6502, 18-6503, 18-204; burglary, I.C. §§ 18-1401, 18-204; kidnapping second degree, I.C. §§ 18-4501, 18-4503, 18-204; and aggravated battery, I.C. §§ 18-903(a), 18-907(a), 18-204. The district court imposed concurrent unified sentences of life with thirty-five years determinate for murder in the first

1

degree; life with thirty years determinate for robbery; ten years determinate for burglary; life with twenty years determinate for kidnapping second degree;[1] and fifteen years determinate for aggravated battery. Herrera appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Herrera's judgment of conviction and sentences are affirmed.

---

[1]     The State acknowledges that the maximum sentence for kidnapping second degree is twenty-five years. However, the claim of an illegal sentence may not be raised for the first time on appeal without the trial court having first had an opportunity to consider the legality of the terms of the sentence. *State v. Martin*, 119 Idaho 577, 578-79, 808 P.2d 1322, 1323-24 (1991); *State v. Boss*, 122 Idaho 747, 748 n.1, 838 P.2d 876, 877 n.1 (Ct. App. 1992); *State v. Hernandez*, 122 Idaho 227, 229, 832 P.2d 1162, 1164 (Ct. App. 1992).