753 P.2d 839

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Gene FIFE, Defendant–Appellant.**

**No. 16676.**

Court of Appeals of Idaho.

April 8, 1988.

---

**104**

Alan D. Wilson, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

After pleading guilty to the crime of placing obstructions on railroad tracks, Larry Fife was granted a withheld judgment and was placed on probation for five years. Approximately twenty-one months later a report was filed, alleging that Fife had violated the terms of his probation by possessing firearms. The district court held a hearing and found Fife had willfully violated conditions of his probation.

The order withholding judgment was revoked and a judgment of conviction was entered. A five-year sentence was imposed but suspended and probation was again granted on the condition Fife would serve six months in the county jail. Fife appeals the court's decision finding him in violation of the terms of his probation. He contends that the court erred in finding possession of a firearm sufficient, by itself, to prove a violation of probation. We affirm.

While Fife was on probation three firearms were found in his residence by law enforcement officers who had obtained a search warrant to look for stolen property. Fife's probation officer filed a detailed violation report. It contained the following summary:

> The possession and control of firearms causes Mr. Fife to be in violation of his Agreement of Supervision Condition No. 7 and the Federal Statute, Title 7, § 1202A, Gun Control Act of 1968.[1]

Fife argues that the state failed to prove a probation violation because the evidence offered at the hearing did not show Fife to be in violation of 18 U.S.C.App. § 1202(a) of the Gun Control Act of 1968. He contends that the Act does not prohibit gun ownership by a person whose judgment has been withheld (and who, therefore, has not been "convicted"). He further contends that even if the Act were applicable, the state failed to prove one of the elements of a crime under the Act—that the firearms in question had been in commerce or had affected commerce.

■ On the latter point, the state's reply has been to suggest we should take judicial notice of the fact that the three firearms were manufactured outside the state of Idaho. Therefore, the state reasons, the firearms were necessarily in the stream of interstate commerce at one time, and nothing more is required for proof of the third element. *See, e.g., United States v. Goodie,* 524 F.2d 515 (5th Cir.1975); *United States v. Haley,* 500 F.2d 302 (8th Cir. 1974). We believe that first Fife and then the state have missed the mark with these firearms. We simply are not persuaded that the state had to establish—under any standard of proof—a violation of a federal statute.

When Fife pled guilty to placing obstructions on railroad tracks, the judge told him:

> Q. You realize that *even if* a judgment of conviction is not entered, and *a withheld judgment is granted* as has been suggested here, that even in that

---

1. The appropriate U.S.C. section is actually found under Title 18. Fife raises no issues regarding the typographical error.

case, under the Federal Firearms Act, having pled guilty to a felony crime, you would be still considered a convicted felon and *your rights to own, possess and use a firearm would be taken away* from you by the federal government?

A. Yes, Your Honor. [Emphasis added.]

Months later Fife met with his probation officer to go over the probation conditions applicable to Fife. The probation officer would later testify:

Q. Do you recall specifically whether or not the firearms probation condition or provision was discussed with Mr. Fife by yourself?

A. Yes, we discussed all of the conditions, terms and conditions of the probation thoroughly in the presence of an attorney from Twin Falls, Mr. Emil Pike. Mr. Pike had a lot of questions concerning all of these conditions and we discussed them all very thoroughly.

Q. And do you recall specifically what you informed Mr. Fife regarding his possession of firearms while on probation?

A. Basically *that being a convicted felon fell under the Federal Firearms Statute which prohibited him from having ownership, control or possession of any workable firearms* or ammunition.... [Emphasis added.]

The "firearms probation condition" mentioned in the probation officer's report of violation is contained in a standard Department of Correction form called an "Agreement of Supervision," signed by Fife and the probation officer. It contains this condition:

7. WEAPONS. I shall not purchase, carry, or have in my possession, any firearm or other weapon as set forth by the U.S. and State statutes.

Fife now contends that this language is ambiguous. He focuses upon the phrase "set forth by the U.S. and State statutes," arguing that the phrase means "in violation of U.S. or state statutes." There being no state statute implicated, Fife contends that the state can establish a probation violation only by proving that Fife was in violation of 18 U.S.C.App. § 1202(a) of the federal act.

The meaning that Fife would have us ascribe to the quoted phrase suits his purpose but it does not follow from the language used. The language—while not a model of clarity—can be given a reasonable construction, without distortion. No comma separates the phrase "any firearm or other weapon" from "as set forth by the U.S. and State statutes." Both the language and punctuation used suggest that the latter phrase modifies only "other weapons" or, at most, "any firearm or other weapon." Thus, the firearms or other weapons which are not to be purchased, carried or possessed are those weapons which are "as set forth by U.S. and State statutes." This interpretation merely adds to provision No. 7 a broad list of firearms or other weapons found in the statutes, e.g., in Title 18 U.S.C. § 921 (1979).

Fife has never expressed any doubt that the guns he possessed were firearms as defined by both state and federal law. At the violation hearing he explained only (1) that he had the firearms in his possession *before* he was placed on probation and (2) that he was told a "withheld judgment" would not impair his right to possess firearms. As we have seen, the latter contention is refuted by the record made when the guilty plea was entered and by the probation officer's testimony.

We conclude that Fife was not misled by any perceived ambiguity in condition No. 7. The district court found that Fife was informed he could not possess firearms and that he understood the condition. The record supports the judge's findings and conclusion. Accordingly, we uphold the judge's determination that Fife willfully and knowingly violated a condition of his probation.

■ Fife further contends that, even if a violation of probation occurred, the violation was not willful as found by the court. Therefore, his withheld judgment should not have been revoked. He contends he understood that a withheld judgment would not affect his right to possess firearms. He suggests that his misunderstanding

arose through conversations with his attorney. Fife's testimony stands in contrast to the specific language of the judge when the plea was entered and to Fife's own acknowledgement of the probation terms. The court was entitled to give little weight to Fife's subsequent assertion of a misunderstanding.

In sum, the record supports the judge's finding of a "willful" violation. When such a violation has occurred, the court has discretionary authority to revoke probation under I.C. § 20–222. *State v. Grove,* 109 Idaho 372, 707 P.2d 483 (Ct.

App.1985); *State v. Bell,* 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). Accordingly, the district court's order and judgment imposing sentence are affirmed.

WALTERS, C.J., and BURNETT, J., concur.