771 P.2d 543

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Gene FIFE, Defendant–Appellant.**

**No. 17420.**

Court of Appeals of Idaho.

March 23, 1989.

---

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Larry Fife appeals from an order of the district court revoking his probation on a suspended indeterminate five-year sentence previously imposed for placing an obstruction on a railroad track. Fife raises two issues on appeal. First, he contends that the district court abused its discretion in revoking his probation. Second, he maintains that his attorney did not provide him with effective assistance of counsel at his probation revocation hearing.[1] We affirm.

In 1984, Fife pled guilty in Elmore County to placing an obstruction on a railroad track, I.C. § 18–6009. The district court withheld entry of a judgment of conviction and placed Fife on supervised probation for five years. In 1986, Fife violated the terms of his probation, by possessing a firearm in contravention of his probation agreement. As a result, the order withholding judgment was revoked by the district court, a judgment of conviction was entered and Fife was given an indeterminate five-year sentence. However, the district court suspended Fife's sentence and again placed him on supervised probation.[2]

In 1987, Fife was charged with resisting arrest and with obstructing an officer in the performance of his duties following a high-speed chase when Fife drove away from a patrolman who was attempting to cite Fife for operating a vehicle with expired registration and license plates. At a subsequent probation revocation hearing, the district court found Fife in violation of his probation for committing these recent offenses. The district court ordered execution of Fife's five-year sentence, but the court retained jurisdiction for 120 days so that Fife could obtain psychiatric evalua-

tion and treatment. This appeal was taken before the period of retained jurisdiction had expired.

I

■ Fife first argues that the district court abused its discretion by revoking his probation. Fife contends that, due to injuries he sustained in an automobile accident in 1980, he suffers from mental impairments which make it impossible for him to perform the fundamental conditions of his probation. Fife submits that, rather than revoking his probation, the district court should have modified the terms of his probation to take into consideration his mental condition. *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968) (case remanded to district court to determine whether defendant's alcoholism made performance of probation conditions impossible).

The decision to revoke a defendant's probation is within the discretion of the district court. I.C. § 20–222. In a probation revocation proceeding, two questions are presented: (1) did the petitioner violate the terms of his probation; and (2) should probation be revoked? *State v. Case*, 112 Idaho 1136, 739 P.2d 435 (Ct.App.1987). In this case, Fife's probation agreement required that he violate no state or federal laws. The district court's finding that Fife had resisted arrest and obstructed an officer in the performance of his duties is supported by substantial evidence and establishes that Fife violated his probation agreement.[3] Hence, no further inquiry into the first question is required. The remaining question is whether the district court properly exercised its discretion in revoking Fife's probation. Absent an abuse of discretion, on appeal we will not disturb a district court's decision to revoke probation. *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982).

From our review of the record, we conclude that the district court did not abuse

---

1. Fife is represented on this appeal by an attorney other than the one who appeared with Fife at the probation revocation proceeding.

2. The district court's order revoking probation, entering a judgment imposing the sentence and placing Fife on probation under a suspended

sentence was upheld by this Court in an earlier appeal. *State v. Fife*, 114 Idaho 103, 753 P.2d 839 (Ct.App.1988).

3. Fife was subsequently convicted of both offenses in a separate, criminal proceeding.

its discretion in revoking Fife's probation. The record reveals that Fife violated the terms of his probation twice within a one-year period. During the latest revocation hearing, the district court noted that Fife had not responded to probation counseling and was not likely to do so in the future. Contrary to Fife's contention, the district court did take into consideration Fife's mental impairments in reaching its decision. The court stated that, given Fife's mental problems and inability to work with probation officers, the only choices it had were to release Fife on an unsupervised probation or to execute his sentence. Noting that Fife posed a possible threat to society, the district court chose not to continue his probation. Nonetheless, the court retained jurisdiction over Fife for 120 days to further evaluate his mental condition. Under the circumstances, we see no error in the district court's decision to revoke probation.

■ In reaching our conclusion we are unpersuaded by Fife's argument that, due to his mental impairment, his probation agreement should have been modified instead of revoked. Fife supports his argument by citing to *State v. Oyler, supra.* However, we believe his reliance on *Oyler* is misplaced. In *Oyler,* the Idaho Supreme Court noted that imposing a condition of probation which is impossible to fulfill is improper. *Id.* at 46–47, 436 P.2d at 712–13; *accord State v. Davis,* 107 Idaho 215, 687 P.2d 998 (Ct.App.1984). However, the Court recognized that, where such a condition exists, the sentencing court retains jurisdiction to modify the terms of probation by removing the improper condition. *State v. Oyler, supra,* 92 Idaho at 47, 436 P.2d at 713. Furthermore, the Court held that if a defendant cannot abide by the fundamental conditions of his probation, the district court has the discretion to not allow probation but instead to order execution of a sentence. *Id.* In the present case, the district court's decision to revoke

Fife's probation was prefaced with a finding that, due to his mental impairments, Fife was no longer responding to probation counseling. Under the standards announced in *Oyler,* it was within the district court's discretion to terminate Fife's probation and to order execution of the sentence. We see no error in the district court's decision to take this course of action with Fife. We hold that the district court did not abuse its discretion in revoking Fife's probation and ordering execution of his sentence.

## II

■ Next we address Fife's contention that he was deprived of effective assistance of counsel. Fife maintains that the attorney who represented him at the probation revocation hearing failed to apprise the district court of the seriousness of Fife's mental impairments and, as a result, did not provide him with effective assistance of counsel. Fife submits that because of his attorney's deficient performance, the district court was unable to make a rational decision regarding Fife's ability to perform the fundamental conditions of his probation. Specifically, as evidence of the attorney's deficient performance, Fife points to his attorney's failure to present the testimony either from Fife's counselors or from a psychiatrist regarding the nature of his mental handicaps. Fife submits that his attorney could have avoided this error by asking the district court to take judicial notice [4] of the appellate decision of another court dealing with Fife's mental impairments. *See Fife v. Heckler,* 767 F.2d 1427 (9th Cir.1985).

An accused's right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution, and by Article 1, § 13 of the Idaho Constitution. To establish a violation of these constitutional guarantees, a defendant must show that his attorney's performance was deficient, and that the attor-

---

4. Idaho Rule of Evidence 201 permits a court to take judicial notice of facts "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fife contends that the district court could have taken judicial notice of the opinion in *Fife v. Heckler, supra,* which addressed the nature and extent of Fife's mental impairments.

ney's deficient performance resulted in prejudice to his case. *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988). We note that an inquiry concerning the effective assistance of counsel is not a subject ordinarily suited to a direct appeal from the proceeding in which the assistance of counsel was rendered. *State v. Rendon,* 107 Idaho 425, 690 P.2d 360 (Ct.App.1984). Nevertheless, we will examine this issue as presented by Fife in this appeal.

In our view, the record does not support Fife's contention that his attorney's performance was deficient. To the contrary, the record reveals several instances during the probation revocation hearing where Fife's attorney elicited testimony regarding Fife's mental condition. Additionally, the attorney provided the district court with evidence regarding psychiatric treatment received by Fife through the Veteran's Administration, including, as an exhibit, notes prepared by Fife's treating psychiatrist. Furthermore, it is apparent from the record that, during the probation revocation hearing, Fife's attorney urged the court to modify Fife's probation so that Fife could receive additional psychiatric counseling. Finally, in his closing argument, Fife's attorney requested the district court to consider Fife's mental disability in its deliberation. Given this information, we do not find a deficiency in the attorney's performance. Although Fife's attorney could have presented a stronger case by calling Fife's counselors or psychiatrist as witnesses at the hearing, the attorney's failure to do so did not prevent the district court from considering Fife's mental condition in its decision. We therefore hold that Fife has not proven that his attorney failed to provide him with effective assistance of counsel at his probation revocation hearing.

The order revoking Fife's probation and directing execution of the sentence is affirmed.

SWANSTROM, J., and HART, J., Pro Tem., concur.