909 F.2d 1330
 Harvey Elvin WELCH, Plaintiff-Appellant,
v.
Donald FRITZ; Judge De Croat; Madera County Department of
Corrections, Defendants-Appellees.
Harvey Elvin WELCH, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF the ARMY; Special Court
Martial, Defendants-Appellees.
 Nos. 89-15113, 89-15209.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 23, 1990.*
Decided July 27, 1990.
As Amended Aug. 31, 1990.
 
 Harvey Elvin Welch, Visalia, Cal., pro se.
 No appearance for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before MERRILL, KILKENNY and THOMPSON, Circuit Judges.
 KILKENNY, Senior Circuit Judge:
 
 
 1
 Welch filed a federal civil rights action under 42 U.S.C. Sec. 1983 on June 2, 1986, which the district court dismissed on February 13, 1987. On November 2, 1988, Welch filed both a motion to reconsider the above dismissal and a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The district court dismissed the latter on December 20, 1988, but before it could rule on the pending motion to reconsider, Welch filed what purported to be a joint notice of appeal on January 10, 1989. We ordered the two appeals to be consolidated on March 29, 1989.
 
 
 2
 With respect to the civil rights action, we note that the district court construed the motion to reconsider as one seeking relief under FRCivP 60(b) and denied it after the notice of appeal had already been filed. The filing of the notice of appeal ordinarily would have rendered the subsequent ruling by the district court a nullity. Cf. Bryant v. Ford Motor Co., 886 F.2d 1526, 1532 (C.A.9 1989) (notice of appeal filed prior to filing of Rule 60(b) motion deprives district court of jurisdiction to entertain motion), cert. denied, --- U.S. ----, 110 S.Ct. 1126, 107 L.Ed.2d 1033 (1990). However, we have already construed the motion as one seeking a writ of mandamus and denied it on January 20, 1989. As it relates to the dismissal of the underlying civil rights action, the notice of appeal is almost twenty-two months too late. See FRAP 4(a). Accordingly, the appeal must be dismissed as untimely.
 
 
 3
 Turning now to Welch's appeal from the district court's dismissal of his habeas petition, we note that we may affirm the district court's decision based on any reason finding support in the record. See Marino v. Vasquez, 812 F.2d 499, 508 (C.A.9 1987). The sole ground advanced by Welch in support of his petition for a writ of habeas corpus is that, because he was both a minor and a ward of the court at the time of his enlistment in the Army on December 2, 1952, and the Army failed to obtain the written consent of the court for that enlistment, the enlistment was invalid and the Army never had jurisdiction to try and punish him for the crime of desertion. This argument is meritless.
 
 
 4
 Federal law governs when any conflict arises between it and state law. U.S. Const. art. VI. Accordingly, it is Congress, and not the individual states, which is empowered to set the ages at which young men may enlist for or be inducted into the military without the consent of parents or guardians. United States v. Williams, 302 U.S. 46, 48, 58 S.Ct. 81, 82, 82 L.Ed. 39 (1937). Pursuant to the relevant provisions of the 1951 amendments to what has come to be known as the Universal Military Selective Service Act of 1948, codified at 50 U.S.C.App. Secs. 451-471a, any individual in 1952 who was old enough to be drafted could have voluntarily enlisted without the consent of his parent or guardian. 50 U.S.C.App. Sec. 454(c)(1). Males between the ages of eighteen years, six months and twenty-six years were subject to induction, 50 U.S.C.App. Sec. 454(a), and therefore could have enlisted without the consent required for those who were between the ages of seventeen and eighteen years, six months. 50 U.S.C.App. Sec. 454(c)(1), (4). The above statutory provisions were in full force and effect at the time of Welch's enlistment on December 2, 1952 when, by his own admission, he was nineteen years old. Since he was old enough to enlist without the consent of a parent or guardian, the Army was under no obligation to obtain the written consent of any court for that enlistment, and the court-martial therefore had jurisdiction to try and punish Welch for desertion. Because the court-martial had the necessary jurisdiction, and there is no allegation or indication that the military tribunal exceeded "the scope of its ... duty" in exercising that jurisdiction, Welch was not entitled to habeas relief. See Schlesinger v. Councilman, 420 U.S. 738, 746, 95 S.Ct. 1300, 1307, 43 L.Ed.2d 591 (1975) (quoting Smith v. Whitney, 116 U.S. 167, 177, 6 S.Ct. 570, 575, 29 L.Ed. 601 (1886)). Thus, while the district court construed too narrowly the scope of habeas review of court-martial judgments in dismissing Welch's petition, see Schlesinger, 420 U.S. at 746, 95 S.Ct. at 1307, the record adequately supports the result. See Marino, 812 F.2d at 508.
 
 
 5
 Accordingly, the appeal from the dismissal of Welch's civil rights action is DISMISSED as untimely, and the dismissal of his petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4