952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell R. ESCALANTI, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 91-55454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992*.
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell R. Escalanti, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition for failure to exhaust administrative remedies. On April 25, 1990, while serving his sentence on federal charges, Oregon state officials placed a detainer against Escalanti. In his habeas petition, Escalanti alleged that the detainer was unlawful because his state sentence has been pardoned and therefore, state officials had no authority to place the detainer against him. We review de novo, Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987), and affirm.
 
 
 3
 A petitioner must exhaust state remedies before attacking the validity of an out-of-state detainer in federal court. See Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 489-92 (1983); Bianchi v. Blodgett, 925 F.2d 305, 309 (9th Cir.1991). Thus, to the extent that Escalanti challenges the validity of the Oregon state detainer, he must first present his claim to the Oregon state courts.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Escalanti may also be challenging federal officials authority to enforce the detainer. This issue will necessarily be resolved in the state court proceedings; if Escalanti prevails in state court, the detainer would no longer exist since there would be no additional sentence to serve in Oregon and no basis for requesting federal officials to detain Escalanti on Oregon's behalf. See Bianchi, 925 F.2d at 309 n. 4
 
 
 [2]
 Although the district court dismissed Escalanti's petition for failure to exhaust administrative remedies, we may affirm on any basis supported by the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990)