972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Karl REIMAN, et al., Plaintiff-Appellant,
v.
H.F. GARCIA, aka: Hippo, et al., Defendant-Appellee.
and
Told S. STOLP, Defendant,
 No. 91-55345.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Karl Reiman appeals pro se the district court's dismissal of his action for damages for alleged violations of his constitutional rights, anti-trust laws and the RICO statute by various government officials and private individuals ("defendants").[1] In this action, Reiman also sought a temporary restraining order and preliminary injunction to restrain defendants from attacking Iraq.[2] The district court denied the request for a temporary restraining order and preliminary injunction and dismissed the action upon finding that Reiman lacked standing to bring the action and the court lacked jurisdiction.[3] We have jurisdiction to review the district court's dismissal under 28 U.S.C. § 1291, and we affirm.[4]
 
 
 3
 The existence of subject-matter jurisdiction is a question of law which we review de novo. Allah v. Superior Court of State of Cal., 871 F.2d 887, 890 (9th Cir.1989). We may affirm the district court on any ground supported by the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990).
 
 I. Defendant Judge H.F. Garcia
 
 4
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Immunity does not attach, however, if a judge acts in the clear absence of all jurisdiction, or performs an act which is not judicial in nature. Ashelman, 793 F.2d at 1075.
 
 
 5
 Here, Reiman appears to be challenging Judge Garcia's actions while he presided over a prior action Reiman had filed. There is no indication that Judge Garcia acted in absence of all jurisdiction or performed a nonjudicial act. Thus, the district court did not err by dismissing the action against Judge Garcia. See id.
 
 
 6
 II. Defendants Military Officers and Officials
 
 
 7
 Reiman raises numerous vague and conclusory claims against various military officers and officials for actions allegedly taken by them against Reiman while he apparently served as a military doctor.
 
 
 8
 "[T]he government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950); Stauber v. Kline, 837 F.2d 395, 398 (9th Cir.), cert. denied, 488 U.S. 817 (1988). Furthermore, "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." Chappell v. Wallace, 462 U.S. 296, 305 (1983).
 
 
 9
 To the extent Reiman is seeking damages against military officers and officials for injuries he sustained while in the military, the district court lacked jurisdiction to hear his claims. See Feres, 340 U.S. at 146; Chappell, 462 U.S. at 305. We find no other cognizable claims against these defendants which would permit the district court to exercise subject matter jurisdiction over Reiman's action.
 
 
 10
 III. Defendants Brim, Baker, Lee, Smith, and Stolp
 
 
 11
 Reiman's primary claim against these defendants appears to be a state law claim of defamation. Because the district court properly dismissed Reiman's federal claims before trial, this pendant state law claim was also properly dismissed. See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990).
 
 IV. The RICO Claim
 
 12
 Reiman contends that the action was properly brought under the RICO statute, 18 U.S.C. § 1961. In his complaint, Reiman asserts RICO as a basis for the jurisdiction, and asserts RICO's treble damages provision in his prayer for relief.
 
 
 13
 To recover damages under RICO, the plaintiff must establish as least a genuine issue of fact that he was injured in his "business or property," 18 U.S.C. § 1964(c), by "conduct ... of an enterprise ... through a pattern ... of racketeering activity." Sedima, S.P.R.L. v. Imex Co., 473 U.S. 469, 496 (1985). "While RICO is to be liberally construed, it is well-established that not all injuries are compensable under this section." Oscar v. University Students Co-Operative Assoc., No. 90-15750, slip op. 6153, 6157 (9th Cir. June 4, 1992) (en banc) (citation omitted). There are two limitations on recovery under RICO. First, the plaintiff must show proof of concrete financial loss, and not merely injury to a valuable intangible property interest. Id. Second, personal injuries including claims of emotional distress are not compensable under RICO. Id. at 6158. These limitations indicate that "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Id. at 6159.
 
 
 14
 Here, Reiman has not alleged any financial loss which would be compensable under RICO. He has not alleged any out-of-pocket expenditures as a direct or indirect result of racketeering activity by the defendants. He merely claims he has incurred damages in the amount of thirteen billion dollars. Additionally, Reiman's alleged pain and suffering are not compensable under RICO. Thus, Reiman's RICO claims were also properly dismissed. See id. at 6157-6160.
 
 V. The Antitrust Claim
 
 15
 Reiman contends that the district court had jurisdiction to hear his claims of antitrust violations. Although the district court may have had jurisdiction to hear these claims, dismissal was nonetheless proper because Reiman failed to allege facts necessary to sustain his claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.
 
 
 16
 To support a claim under section 1 of the Sherman Antitrust Act, the plaintiff must allege that there is a contract, combination or conspiracy in restraint of trade or commerce among the several states or with foreign nations. 15 U.S.C. § 1; Western Concrete Structures Co. v. Mitsui & Co., 760 F.2d 1013, 1016 (9th Cir.), cert. denied, 474 U.S. 903 (1985). Here, Reiman has not alleged such a conspiracy.
 
 
 17
 To support a claim under section 2 of the Sherman Antitrust Act, the plaintiff must allege an objective to monopolize or attempt to monopolize any part of the trade or commerce among the several states or with foreign nations. 15 U.S.C. § 2; Western Concrete, 760 F.2d at 1017. Here, Reiman has not alleged such intentional predatory or anti-competitive conduct by the defendants. See Western Concrete, 760 F.2d at 1017-18.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Reiman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint is signed by John Karl Reiman, Judy Andrea Reiman, and Kevin Edward Reiman. The notice of appeal, however, only specifies John Karl Reiman as the appellant. The use of "et al." following John Karl Reiman's name in the notice of appeal does not sufficiently indicate an intention to appeal by the other two plaintiffs named in the complaint. See Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988). Accordingly, John Karl Reiman is the only party to this appeal
 
 
 [2]
 We do not address the district court's denial of the temporary restraining order or the preliminary injunction because Reiman does not raise these issues in his brief on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [3]
 Throughout his brief on appeal, Reiman refers to his "Amended Complaint." Reiman, however, did not file this amended complaint until October 22, 1991, nine months after the district court's order dismissing the action. Thus, our review is limited to the district court's dismissal of Reiman's original complaint
 
 
 [4]
 The district court's order dismissing the action was filed on January 22, 1991. On February 14, 1991, Reiman filed a motion for reconsideration of the order of dismissal. The district court denied the motion for reconsideration on February 22, 1991. Reiman's notice of appeal, filed on March 4, 1991, states that he is appealing from the denial of the reconsideration motion. Because the notice of appeal is timely with respect to the district court's January 22, 1991 order of dismissal, and because the parties address the merits of that order, we construe Reiman's appeal as being from the January 22, 1991 order and not from the district court's February 22, 1991 order denying Reiman's motion for reconsideration