972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. TURNER, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 90-15799.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald R. Turner, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition challenging the revocation of his parole by the United States Parole Commission ("Parole Commission"). We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and we vacate and remand.
 
 
 3
 Turner raised two claims in his section 2241 petition.
 
 
 4
 First, Turner alleged that he had not received a parole revocation hearing. The Parole Commission subsequently held the hearing. Thus, the district court properly dismissed this claim as moot.
 
 
 5
 Second, Turner alleged that his federal sentence expired on May 19, 1986 and that the Parole Commission thus had no authority to revoke his federal parole effective June 3, 1987 for a parole violation. Because the district court did not consider this claim, and because we cannot evaluate the merits of this claim from the record on appeal, we remand to the district court.
 
 
 6
 The relevant facts concerning the second claim are as follows.
 
 
 7
 In 1973, Turner was convicted of federal bank robbery charges and was sentenced to a sixteen-year prison term. He was paroled on November 11, 1975 to serve a Georgia sentence. He then was paroled from the Georgia sentence in 1977.
 
 
 8
 On February 10, 1979, he was convicted of a Tennessee bank robbery charge. The Parole Commission then revoked his parole and ordered the forfeiture of all street time accrued since November 11, 1975, the date he was paroled from federal custody. Turner apparently was placed in federal custody as a result of the parole revocation, although the basis for his federal custody is not clear from the record. According to the government, at the time it revoked his parole, the Parole Commission ordered that the balance of Turner's 1973 federal sentence would commence upon his federal parole to serve the Tennessee sentence.
 
 
 9
 On February 20, 1986, the Parole Commission paroled Turner to serve his Tennessee sentence. On May 19, 1986, the United States Marshal Service for the Middle District of Tennessee requested the Tennessee Department of Corrections to remove the federal detainer against Turner and advised that "[t]he federal charges pending have been disposed of and/or the federal sentence has expired." The Tennessee Department of Corrections then informed Turner that the Commission had lifted its detainer because "the federal sentence had expired." Turner was paroled from his Tennessee sentence on July 25, 1986.
 
 
 10
 On June 3, 1987, the Parole Commission issued a parole violator warrant on the grounds that Turner had committed new crimes, had failed to report address changes, and had failed to submit supervision reports since May 3, 1987. Turner was arrested in September 1989, and the Commission subsequently revoked Turner's parole effective June 3, 1987 on the grounds that he had failed to report his residence changes and submit supervision reports.
 
 
 11
 Turner argues that his 1973 federal sentence expired on May 19, 1986 and that the Parole Commission thus had no authority to revoke his parole effective June 3, 1987. In support of his argument, he points to the May 1986 statements of the United States Marshal and the Tennessee Department of Corrections. The government responds that the Marshal and the Tennessee Department of Corrections erred by informing Turner that his federal sentence had expired. The government has submitted documents on appeal in support of its argument that the balance of Turner's 1973 sentence did not begin to run until February 20, 1986, the date Turner was paroled from federal custody to serve his Tennessee sentence.
 
 
 12
 The government's documents, however, are not part of the district court record.[1] Moreover, the district court did not consider Turner's claim that his federal sentence expired in May 1986 but considered only his claim that he had not received a parole revocation hearing. Because we cannot resolve Turner's claim from the record before us, we remand to the district court to consider the claim and to make any necessary factual findings.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 8, 1992, two years after the district court entered its judgment dismissing Turner's section 2241 petition, the government submitted a motion to the district court to supplement the district court record with these documents. Papers submitted to the district court after the judgment is entered "are not part of the clerk's record and cannot be part of the record on appeal." Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988). Moreover, the filing of a notice of appeal in this court divested the district court of jurisdiction to consider the motion. See Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990)