24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert STILWELL, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary of Health and
Human Services, Defendant-Appellee.
 No. 93-16323.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert Stilwell appeals the district court's grant of summary judgment for the Secretary of Health and Human Services' (Secretary), finding that Stilwell was not disabled and therefore was not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 401-405 (Title II). Stilwell contends that the district court erred by upholding the administrative law judge's disregard of the opinion of his treating physician, Dr. Joseph R. Meyers, that he was disabled. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir.1993). We will not disturb the Secretary's decision to deny benefits if it is supported by substantial evidence and free of legal error. Megallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). This court may affirm the district court judgment for any reason finding support in the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990).
 
 
 4
 In order to obtain disability benefits, a claimant must demonstrate that he was disabled prior to his last insured date. 42 U.S.C. Sec. 423(c); Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991). The claimant has the burden of proof on this issue. Morgan, 945 F.2d at 1080.
 
 
 5
 Here, the record reveals that Stilwell's last insured date was December 31, 1988. In May 1989, Dr. Meyers concluded that Stilwell was totally disabled, despite conflicting reports from other physicians. Even assuming the administrative law judge improperly disregarded Dr. Meyer's opinion, Stilwell would not be entitled to disability benefits because his insured status had expired. Accordingly, the district court properly granted summary judgment in favor of the Secretary.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3