52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis Paul EDDY, Petitioner-Appellant,
v.
Samuel LEWIS; Grant Woods, Attorney General, Respondents-Appellees.
 No. 94-16315.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Dennis Paul Eddy appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Eddy contends that the district court erred by failing to find that his punishment was "invalidated" because prison officials subjected Eddy to physical assault and other abuse, and by denying his requests for discovery. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253, and we affirm.
 
 
 3
 We review de novo the denial of a writ of habeas corpus, Admas v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993), and factual findings for clear error, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We may affirm on any ground supported by the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990).
 
 
 4
 We agree with the district court that the majority of Eddy's claims challenge the conditions of his confinement, and therefore are not cognizable in a habeas proceeding. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). Because the district court found that Eddy had a number of 42 U.S.C. Sec. 1983 actions pending in the district court that raised claims identical to those in his habeas petition, the district court properly dismissed the claims asking for monetary or injunctive relief, rather than construing them as section 1983 claims. Cf. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (federal courts should construe pleading as section 1983 action if allegations state civil rights claim).
 
 
 5
 Although Eddy arguably challenges the length or fact of his confinement by claiming that his confinement is no longer constitutionally "valid," Eddy has not cited any authority for the proposition that, because Eddy has suffered various abuses at the hands of prison officials and other prisoners, a liberty interest mandating his release exists. Cf. Toussaint v. McCarthy, 801 F.2d at 1080, 1089 (9th Cir.1986) (liberty interest may arise from Due Process Clause or from state law), cert. denied, 481 U.S. 1069 (1987). If Eddy shows that prison officials violated his constitutional rights by subjecting him to unwarranted physical abuse or by depriving him of property without due process, his remedy will not be release from custody, but declaratory judgment, injunctive relief, or damages under section 1983. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974); see also Berg v. Kincheloe, 794 F.2d 457, 459-60 (9th Cir.1986); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.1984).
 
 
 6
 Because Eddy failed to show that his continued detention violates the Constitution or laws of the United States, the district court properly dismissed his petition. See Estelle v. McGuire, 502 U.S. 62, 68 (1991). The district court did not abuse its discretion by denying Eddy's requests for discovery. See Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993). We find no merit in the remaining claims of error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3