56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald L. ANDERSON, Petitioner-Appellant,
v.
John R. HALLAHAN; Grant Woods, Attorney General, Respondents-Appellee.
 No. 94-15848.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona prisoner Donald L. Anderson appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Anderson contends that the district court should have reached the merits of his claims attacking his 1988 guilty plea conviction. We grant Anderson's motion to file a late reply brief, deny his motion for the appointment of counsel, and deny his request for discovery. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review de novo the denial of a writ of habeas corpus, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1818 (1993), and affirm.
 
 
 3
 The district court found that it lacked jurisdiction over Anderson's claims attacking his 1988 guilty plea conviction. Because the record is somewhat ambiguous whether the sentence he is presently serving has been enhanced with the 1988 conviction, the district court may have erred by finding that it lacked jurisdiction over the claims involving the 1988 conviction. See Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994); Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990). We may, however, affirm on any ground supported by the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir. 1990).
 
 
 4
 Federal courts will not consider a federal claim if the last state court rendering a reasoned decision finds the claim barred due to an independent and adequate state rule, unless the petitioner establishes cause and prejudice, or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).
 
 
 5
 Here, the district court found that Anderson procedurally defaulted on his claims attacking his 1989 conviction during state post-conviction proceedings. Because Anderson attacked his 1988 conviction in the same proceeding, however, Anderson also procedurally defaulted on his federal claims attacking the 1988 conviction. As Anderson did not have the constitutional right to counsel in that proceeding, counsel's alleged incompetence does not establish cause for the default. See Coleman, 501 U.S. at 752-53; Bonin v. Vasquez, 999 F.2d 425, 427-31 (9th Cir. 1993). Anderson also fails to establish that a fundamental miscarriage of justice would result from a failure to consider his claims attacking on his 1988 conviction. See Noltie, 9 F.3d at 806 (petitioner must show actual innocence to establish fundamental miscarriage of justice). Thus, the district court properly dismissed Anderson's petition. See Welch, 909 F.2d at 1331.
 
 
 6
 We do not consider the claims raised for the first time on appeal in Anderson's pleadings. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir. 1994) (refusing to consider claims not presented in habeas petition).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Anderson's request for oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3