91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Santiago Bernal AVINA, Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent, Respondent-Appellee.
 No. 95-36267.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Santiago Bernal Avina, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Avina contends that his conviction and sentence are invalid because of: (1) sentencing entrapment, (2) ineffective assistance of counsel, and (3) double jeopardy. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir1993).
 
 
 4
 Under Washington law, a prisoner must file his collateral attack on a judgment and sentence within one year after the judgment becomes final. See Wash.Rev.Code § 10.73.090(1) (1990); see also Aguilar v. Washington, 892 P.2d 1091, 1094-95 (Wash.Ct.App.1995) (applying Washington's one-year time limit as a mandatory bar). However, the one-year limitation does not apply to double jeopardy claims. See Wash.Rev.Code § 10.73.100(3) (1990).
 
 
 5
 Here, Avina has not presented any of his claims to the Washington courts. Because Avina's judgment has been final for more than one year, Avina would now be time-barred from pursuing his claims of sentencing entrapment and ineffective assistance of counsel before the Washington courts. See Wash.Rev.Code § 10.73.090(1).
 
 
 6
 Furthermore, Avina has failed to demonstrate cause to excuse his procedural default. See Coleman, 501 U.S. at 750. In the district court, Avina argued that he was illiterate in the English language and that the prison law libraries were inadequate. Avina's first argument fails because illiteracy does not constitute cause for a procedural default. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Avina's second argument fails because he has not shown that he was denied access to the courts because of the alleged inadequate law libraries. See Lewis v. Casey, 64 U.S.L.W. 4587 (U.S. June 24, 1996); see also Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991). Accordingly, the district court did not err by determining that Avina's claims of sentencing entrapment and ineffective assistance of counsel were procedurally barred. See Coleman, 501 U.S. at 750.
 
 
 7
 Because, Avina is not time-barred from pursuing his double jeopardy claim under Washington law, see Wash.Rev.Code § 10.73.100(3), Avina has not defaulted on this claim and this claim is unexhausted, see Picard v. Connor, 404 U.S. 270, 275 (1971). However, we need not require exhaustion where the claim is frivolous. See Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir.1991), cert. denied, 506 U.S. 838 (1992). Avina's double jeopardy claim is frivolous because civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Ursery, 64 U.S.L.W. 4565 (U.S. June 24, 1996). Accordingly, the district court properly denied Avina's double jeopardy claim. See id.; see also Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990) (explaining that appellate court may affirm on any ground supported by record).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3