127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alva L. TURNER, Successor in Interest and former executor to
Estate of Lillie Mae Crittendon, Billie Mae York;
aka: Lillie York Crittendon, Plaintiff-Appellant,
v.
Jo DRANE; Brian Smith; E. Ross, Judge; Darrell Johnson;
County Counsel; De Witt W. Clinton; Deborah Chilos;
Sandra M. Davis, La Public Admin.; Gina Conyers; Security
Pacific National Bank; Gerald Wolfson; Lawrence Gale;
County Of Los Angeles; Henry Brockman, Defendants-Appellees.
 Nos. 96-55801, 96-56022.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, Chief Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alva L. Turner appeals pro se the district court's dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), denial of her motion for reconsideration or relief from judgment, and denial of her motion for leave to file an amended complaint, in her 42 U.S.C. § 1983 action arising from the probate of her mother's estate. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo both a dismissal for lack of subject matter jurisdiction, see Evans v. Chater, 110 F.3d 1480, 1481 (9th Cir.1997), and a dismissal for failure to state a claim, see Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997).
 
 
 4
 Federal district courts lack jurisdiction to review final state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine precludes jurisdiction where federal constitutional claims are "inextricably intertwined" with a state court's decision in a particular case. See Feldman, 460 U.S. at 483 n. 16.
 
 
 5
 Here, most of the claims contained in Turner's complaint implicate the validity of the state court probate proceedings. Turner's complaint alleges that the levy on her mother's estate was invalid, that improper conduct by the public administrator deprived her of her due inheritance, that the probate judge improperly conducted the final accounting, and that she was denied access to estate funds illegally held in a bank account. Because the district court would have to find that the state court erred in order for Turner to prevail on any of these claims, the district court properly determined that it lacked subject matter jurisdiction over these claims. See Feldman, 460 U.S. at 483 n. 16.
 
 
 6
 To state a claim under § 1983, a plaintiff must allege that persons acting under color of state law deprived her of rights secured by the United States Constitution or federal statute. See Gibson v. United States, 781 F.2d 1334, 1.338 (9th Cir.1986). A private party acts under color of state law where he acts together with or obtains significant aid from a state official. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).
 
 
 7
 Here, all but one of Turner's remaining claims are § 1983 claims against private parties. She alleges that various private attorneys committed malpractice, denying her proper representation and depriving her of her rightful property. She also alleges that a private party defendant and a private defense attorney defamed her. Because Turner failed to allege significant state involvement in any of the private parties' alleged misconduct, the above claims must be dismissed for failure to state a claim.[1]
 
 See id
 
 8
 Turner's remaining defamation claim against a deputy county counsel was properly dismissed for failure to state a claim because a claim for defamation is not cognizable in a § 1983 action. See Paul v. Davis, 424 U.S. 693, 700-02 (1976). See id.
 
 
 9
 Because further amendment to Turner's complaint would have been futile, the district court did not abuse its discretion by denying leave. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.1996).
 
 
 10
 Because Turner failed to present grounds for reconsideration or relief from judgment, the district court did not abuse its discretion by denying her Fed.R.Civ.P. 60(b) motion. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without; oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the district court dismissed these claims under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, we affirm dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. See Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990) (noting that appeals court may affirm for any reason supported by the record)