**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY EMIL,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>RENEE BAKER and<br>ADAM PAUL LAXALT,<br><br>        Respondents - Appellees. | No. 14-17177<br><br>D.C. No. 3:02-cv-00311-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted June 17, 2016
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and HAYES,[**] District Judge.

Petitioner Rodney Emil appeals from the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Emil argues that the district court erred in concluding that he failed to exhaust his federal claim in state court. A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001). "[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

In this case, Emil fairly presented his federal claim to the Supreme Court of Nevada. In his brief on direct appeal, he argued that his due process rights had been violated by the failure of the state to give sufficient notice in the information that it was going to proceed on an aiding and abetting theory. Emil relied on *Simpson v. Eighth Judicial District Court*, 503 P.2d 1225 (Nev. 1972), in support of his argument. Because *Simpson* explicitly rested on federal due process, Emil fairly presented a federal claim to the state court.

Although the district court erred in concluding that Emil failed to fairly present his federal claim, "we may affirm the district court's decision based on any reason finding support in the record." *Welch v. Fritz*, 909 F.2d 1330, 1331 (9th Cir. 1990). In Emil's direct appeal, the Nevada Supreme Court held that Emil was not deprived of due process, though the information failed to mention the specific theory of aiding and abetting, because the information alleged that Emil and another man committed the murder in concert, and because the State indicated during a preliminary hearing that it was proceeding upon a theory that the defendants "associated themselves with one another" for the purpose of killing the victim. This was not "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), because there is no Supreme Court precedent holding that due process requires an information to specifically allege a theory of aiding and abetting. *See Lopez v. Smith*, 135 S. Ct. 1, 3–4 (2014). As a result, Emil cannot succeed on the merits of his due process claim.

We decline to issue a certificate of appealability for Emil's uncertified claim.

**AFFIRMED.**